IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARCUS GHOLAR                                                                              PLAINTIFF

v.                                                                          CAUSE NO. 1:12CV387-LG-JMR

A O SAFETY and 3M-AEARO
TECHNOLOGIES, LLC                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

BEFORE THE COURT is the Motion [29] to Dismiss filed by defendants 3M-Aearo Technologies, LLC ("3M")[1] contending that plaintiff's claims against them are barred by the statute of limitations. Plaintiff Gholar has responded by arguing that his claim is saved by the relation-back doctrine. After due consideration of the arguments, the record in this case and the relevant law, it is the Court's opinion that the claims against 3M are not barred by the statute of limitations because they relate back to the original complaint. The Motion to Dismiss will be denied.

BACKGROUND

According to the Amended Complaint, in May 2010, Marcus Gholar was wearing safety glasses manufactured and/or distributed by the defendants while making holes in a piece of metal. He alleges that a piece of metal struck him through the glasses "and hit his left eye and put it out." (Am. Compl. 2 (¶9), ECF No. 27). He has lost vision in his left eye and can no longer perform his work. He

---

[1] The defendants state they have been incorrectly identified by the plaintiff. They are 3M Company and Aero Technologies, LLC, not 3M-Aero Technologies, LLC.

alleges that either A O Safety or 3M manufactured and/or distributed the safety goggles with a design defect, that the goggles were unreasonably dangerous, and that the defendants knew about the dangerous nature of the goggles and failed to provide warnings to consumers.

The Amended Complaint was filed August 13, 2013. The original Complaint, filed December 7, 2012, did not name the 3M defendants. The 3M defendants were brought in after Gholar discovered that a party he had sued - Grainger, Inc. - did not manufacture the goggles. In his motion for leave to file an amended complaint, Gholar states that he investigated the identity of the actual manufacturer after reviewing Grainger's motion for summary judgment. (1st Mot. to Am., ECF No. 21). In its motion, Grainger asserted it had never been associated with the safety goggles in question, but merely was a retail distributor of various commercial products.

3M now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that the allegations of the Amended Complaint show that Gholar's products liability claims against 3M were filed beyond the three-year statute of limitations in Miss. Code. Ann. § 15-1-49(1). In response, Gholar argues that his claims against 3M relate back to his original complaint, which was filed within the three-year limitation period.

## DISCUSSION

"[T]he addition of [a] new defendant commences the lawsuit as to it." *Braud v. Transp. Serv. Co. of Ill.,* 445 F.3d 801, 806 (5th Cir. 2006). Federal Rule of Civil

Procedure 15(c)(1)(C) creates an exception, and in certain circumstances allows for the "relation back" of amendments that modify the defendants against whom the suit is brought. *Id.* at 806 & n. 12.  Under the Rule, an amendment naming a different defendant will relate back if the claim asserted arose out of the same conduct set forth in the original pleading and the new defendant, within the time provided by Federal Rule of Civil Procedure 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party." Fed. R. Civ. P. 15(c)(3).  "The Rule mandates relation back once the Rule's requirements are satisfied." *Krupski v. Costa Crociere S. p. A.,*130 S. Ct. 2485, 2496 (2010).

  3M agrees that Gholar's amendment naming 3M and Aearo arises out of the same occurrence set out in his original pleading.  Also, 3M concedes that within 120 days of Plaintiff filing his original Complaint, the 3M defendants were aware that Plaintiff's suit was pending.  They contend they possessed such knowledge because Grainger—a wholly independent corporation with no legal affiliation with Defendants whatsoever—told them that the suit was pending.  But 3M argues that two critical requirements of Rule 15(c) are missing: (1) Gholar did not actually make a mistake concerning the proper party's identity; and (2) 3M did not know, nor should they have known, that Gholar intended to bring the action against them.

## I. Whether plaintiff made a "mistake"

A "mistake" under Rule 15(c)(1)(C) includes a "mistake concerning the proper party's identity." *Krupski*, 130 S. Ct. at 2493-94. In a factually similar case, a district court examined whether a plaintiff's failure to name the correct manufacturer of a product was a mistake for relation-back purposes. In *Erie Indemnity Company v. Keurig, Inc.*, No. 1:10cv2899, 2011 WL 2893013 (N.D. Ohio July 15, 2011), the plaintiffs intended to sue the party who designed and manufactured the Keurig B50 coffee maker. They sued Keurig, but learned that the manufacturer was another entity. They amended their complaint to add the manufacturer after the statute of limitations had run on the claim. Relying on *Krupski*, the district court determined the initial misidentification of the manufacturer was a mistake allowing for relation back, "since it was a mistake regarding the proper identity of the party who may have been responsible for the alleged manufacturing and design defects." *Erie Indem. Co.*, at *3.

Fifth Circuit precedent allows relation back when the change in parties "is the result of an error, such as a misnomer or misidentification." *Miller v. Mancuso*, 388 F. App'x 389, 391 (5th Cir. 2010). Gholar misidentified the manufacturer of the safety goggles he alleges caused his injury. This is a "mistake" allowing for relation-back.

## II. 3M's knowledge of the claims

The U.S. Supreme Court has emphasized that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not

-4-

on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 130 S. Ct. at 2488.  Therefore, the Court does not consider 3M's arguments regarding Gholar's lack of diligence in discovering the manufacturer of the safety goggles.  Instead, the Court will focus on 3M's contention that, despite "timely" notice of the lawsuit, 3M did not know that Gholar intended to bring the action against them.

According to 3M, they were justified in believing that Gholar had decided not to sue them because, although notified of his mistake within the limitations period, he did not correct it until after the period expired.  This is, however, an argument grounded in Gholar's dilatoriness, and "the speed with which a plaintiff moves to amend [his] complaint . . . has no bearing on whether the amended complaint relates back." *Krupski*, 130 S. Ct. at 2496.  Gholar's failure to add 3M during the 120 day period is not sufficient to make reasonable any belief that he had made a deliberate and informed decision not to sue 3M in the first instance.  *Id*. at 2497-98.

3M has admitted that it had notice of the lawsuit within 120 days of the filing of the original complaint.  The complaint makes clear that Gholar intended to sue the entities that "manufactured and sold a product identified as AO Safety China 287 safety glasses," and also mistakenly identified Grainger/W.W. Grainger, Inc. and AO Safety as the entities that "manufactured, marketed, advertised, promoted, sold, and ultimately placed in the national stream of commerce these safety glasses."  (Compl. 2 (¶¶6,7), ECF No. 1).   Therefore, within the period for service of process, 3M knew, or reasonably should have known, that it would have

been named a defendant at the outset but for Gholar's mistake concerning the proper party's identity.

CONCLUSION

Gholar has met all of the requirements of Federal Rule of Civil Procedure 15(c)(1)(C). His claims against the defendants identified as "3M-Aearo Technologies, LLC" relate back to the date of the original complaint. Accordingly, the defendants' Motion to Dismiss on the grounds of untimeliness will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [29] to Dismiss filed by defendants 3M-Aearo Technologies, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE